**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                    **Case Nos.:  3:09cr85/LAC/CJK**
                                                       **3:11cv38/LAC/CJK**

**LAVELL GARDNER**
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 37), the Government's response (doc. 45), and Defendant's reply to response (doc. 48).   Additionally, Defendant has filed a motion to amend his reply (doc. 49), which will be granted. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

### PROCEDURAL BACKGROUND

Defendant was charged in a four count indictment with conspiracy to possess with intent to distribute five (5) grams or more of cocaine base, two counts of

possession with intent to distribute five (5) grams or more of cocaine base on two dates certain, and being a felon in possession of a firearm (doc. 12). The Government filed a notice of enhancement information listing two prior felony controlled substance convictions (doc. 19). Represented by Assistant Federal Public Defender Thomas Keith, Defendant entered a plea of guilty (docs. 21, 22).

The Presentence Investigation Report ("PSR") was disclosed to the defense on November 16, 2009 (doc. 24, final PSR at doc. 30). Defendant's base offense level for the offense conduct charged in Count Four was 26 pursuant to § 2K2.1(a)(1),[1] and he received a two level adjustment because one of the firearms was stolen and a four level adjustment because the firearm was possessed or transferred in connection with or having reason to believe it would be used in a felony offense (PSR ¶¶ 28–30). Defendant's total offense level was 29 after a three level adjustment for acceptance of responsibility (PSR ¶¶ 34–38). With 30 criminal history points, Defendant had a criminal history category of VI (PSR ¶¶ 63–65). The applicable advisory guideline range was 151 to 188 months, although the statutory maximum term of imprisonment for Count Four was ten years pursuant to 18 U.S.C. § 924(a)(2). (PSR ¶¶ 110–111).

The court sentenced Defendant to a term of 151 months imprisonment on Counts Two and Three, and a 120 month term of imprisonment on Count Four, with each sentence to run concurrently (doc. 28). Defendant did not appeal.

The instant motion dated January 20, 2010 (sic) was received and docketed by the clerk on January 24, 2011 (doc. 37 at 7). Defendant initially raised three grounds for relief, but he concedes two of them in his reply. His only remaining claim is that he should be resentenced because his conviction for battery on a law enforcement

---

[1] Because the charged offenses were subject to grouping, *see* § 3D1.2(c), the guideline resulting in the highest offense level was applied. (PSR ¶¶ 26-27).

officer no longer qualifies as a "crime of violence" after <u>Johnson v. United States</u>, 559 U.S. 133 (2010). The Government contends that the claim is procedurally barred.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination

of whether a particular claim has been previously raised.  <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."  <u>Lynn</u>, 365 F.3d at 1232 n. 14 (quoting <u>Mills</u>, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  <u>Lynn</u>, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  <i>See</i> <u>Nyhuis</u>, 211 F.3d at 1344.

<u>Defendant's Battery on a Law Enforcement Officer Conviction</u>

As noted above, Defendant's lone remaining claim is that he is entitled to a reduction in his sentence due to the improper consideration of one of his prior convictions in calculating his sentencing guidelines range, an "error" which only

became apparent after the Supreme Court's decision in <u>Johnson</u>.  The Government argues that Defendant has procedurally defaulted this claim because he failed to raise it before the trial court or on appeal, and that counsel's failure to anticipate a change in the law is not cause sufficient to overcome the procedural default.  In any event, there can be no prejudice as Defendant cannot show that he would prevail on the merits of his claim.

Defendant's base offense level was determined using § 2K2.1(a) of the guidelines.  There was a four level difference in his base offense level due to the fact that Defendant had two prior felony convictions of either a crime of violence or a controlled substance offense rather than just one.  *Compare* §§ 2K2.1(a)(1) and (a)(3).  Defendant contends that he actually only has one prior qualifying conviction after <u>Johnson</u>, which held that a battery conviction under Florida law is not a "violent felony" under the Armed Career Criminal Act ("ACCA").  Defendant's situation is, of course, distinguishable, as his sentence was not enhanced under the ACCA but rather under the Sentencing Guidelines, and the allegedly offending conviction was not simple battery, but battery on a law enforcement officer (*see* PSR ¶¶ 28, 51).  Nevertheless, Defendant argues that this situation is controlled by the Eleventh Circuit's opinion in <u>United States v. Williams</u>, 609 F.3d 1168 (11th Cir. 2010), a decision that was rendered upon remand for reconsideration in light of <u>Johnson</u>.  The <u>Williams</u> court held that battery on a law enforcement officer, without record evidence of how the battery was committed, is insufficient to support a sentence enhancement under § 4B1.1(a) of the guidelines.  *Id.,* 609 F.3d at 1169–1170.  The Eleventh Circuit reached this conclusion after noting that, under Florida law, battery on a law enforcement officer may be committed with only nominal contact.  *Id*. at

1169 (citing <u>State v. Hearns</u>, 961 So. 2d 211, 219 (Fla. 2007)). In <u>Williams</u>, there was no description in the record of the underlying offense conduct.

The use of a Florida conviction for battery on a law enforcement officer to support an enhanced sentence was most recently considered by the Eleventh Circuit in <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328 (11th Cir. 2013). In <u>Turner</u>, the Eleventh Circuit had the occasion to examine the underlying conviction using the modified categorical approach, because, unlike in <u>Williams</u>, the facts of the underlying conviction were presented to it. Turner's battery on a law enforcement officer conviction stemmed from an incident in which he fled from officers and ultimately pushed an officer against a wall, causing injury to her wrist. The Eleventh Circuit found this conduct sufficient to qualify the offense as a crime of violence. *Id*. at 1340 (citing <u>United States v. Robledo–Leyva</u>, 307 Fed.Appx. 859, 862 (5th Cir.2009) (per curiam) (adopting the modified categorical approach to hold that Florida battery on a law enforcement officer is a crime of violence); <u>United States v. Luque–Barahona</u>, 272 F. App'x 521, 524 (7th Cir.2008) (affirming district court's reliance on statement in PSR that defendant had "pushed the police officer" to find that conviction for Florida battery on a law enforcement officer was a crime of violence)). The <u>Turner</u> court also expressly held that battery on a law enforcement officer qualifies as a crime of violence under the residual clause as well. *Id*. at 1340 (*citing* <u>United States v. Dancy</u>, 640 F.3d 455, 469–70 (1st Cir.), *cert. denied*, 132 S.Ct. 564 (2011) (holding that assault and battery on a police officer is a violent felony under the ACCA because the "crime nearly always poses a serious risk of actual or potential physical force and the likelihood of physical injury" (internal quotation marks omitted)); <u>United States v. Williams</u>, 559 F.3d 1143, 1149 (10th Cir. 2009) (finding that battery on a police officer was a crime of violence because it

"involves an overt act against the police officer—thereby not only initiating a confrontation, but risking a serious escalation in violence" (emphasis in original)).

In this case, the conduct underlying Defendant's conviction for battery on a law enforcement officer is described in paragraph 51 of the PSR. Defendant and a female were approached by law enforcement officers at approximately 2:00 a.m. in a public park. Defendant was unable to provide identification, and when one of the officers told Defendant that the officer would determine Defendant's identity at the jail, Defendant shoved the officer and ran. Officers gave chase, but were unable to locate Defendant. Later follow-up investigation determined his identity (PSR ¶ 51). Based on Turner, this conduct is clearly sufficient to support consideration of Defendant's conviction as a "crime of violence." Accordingly, Defendant cannot show cause or prejudice from failure to raise this claim previously, and he is not entitled to relief.[2]

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore,

---

[2] The court notes that Mr. Keith's opinion that Defendant's argument has merit was rendered before the Eleventh Circuit's opinion in Turner (see doc. 45 at 19).

it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1. Defendant's motion to amend (doc. 49) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 37) be **DENIED.**

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of October, 2013.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**